IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARIO D. JONES, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 22-cv-3180-PX |
| SAMUEL C. HAMILTON, ESQUIRE | * | |
| Defendant. | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending is Defendant Samuel C. Hamilton ("Hamilton")'s motion to dismiss this action for lack of subject matter jurisdiction. ECF No. 21. Also pending is Plaintiff Mario D. Jones ("Jones")'s "emergency motion for injunctive relief." ECF No. 25. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court finds that it has jurisdiction over the dispute, so Hamilton's motion is denied. The Court further finds that Jones has not met the burden for emergency injunctive relief, so his motion is also denied.

**I.    Background**

This Court construes the facts in the Amended Complaint as true and most favorably to Jones, who proceeds pro se. This Court also considers the letter issued by the Attorney Grievance Commission of Maryland, ECF No. 1-1, attached to Jones's original Complaint, and the 18 exhibits,[1] which Jones has submitted as a supplement to his Amended Complaint, ECF No. 16. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir.

---

[1] These exhibits include the retainer agreement between the parties and documents pertaining to a trust agreement, correspondence with the Department of Justice, Hamilton's representation of Jones, and Jones's Tennessee and Mississippi cases. *See* ECF No. 16.

2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint.").

According to the Amended Complaint, Jones, a Tennessee resident, was the administrator and beneficiary of a trust (the "Trust") granted to him by his late friend, until two Mississippi judges removed him, *see* ECF No. 20 ¶ 8; *see also* ECF No. 16 at 3–20.  The Amended Complaint also avers generally that Jones had been "kidnapped, illegally incarcerated, and wrongfully convicted" in Tennessee for reasons "related" to his removal from the Trust.  ECF No. 20 ¶¶ 6, 13.

Displeased with this course of events, Jones hired Hamilton, a Maryland-based attorney, to assist in filing a civil rights complaint with the Department of Justice ("DOJ" or the "Department") regarding Jones's perceived mistreatment.  ECF No. 16 at 2; ECF No. 20 ¶¶ 8–9. On August 28, 2015, Jones and Hamilton executed a retainer agreement, in which Jones agreed to pay Hamilton a $5,000 retainer fee.  ECF No. 16 at 2; ECF No. 20 ¶ 11.  Hamilton, in turn, filed a complaint with DOJ and, by separate correspondence, informed the Department that he represented Jones.  ECF No. 20 ¶ 9; ECF No. 16 at 26.

At some point, the relationship between Jones and Hamilton soured.  *See* ECF No. 20 ¶¶ 10–12.  Jones complained about Hamilton to the Attorney Grievance Commission of Maryland (the "Commission"), which prompted Hamilton to terminate the attorney-client relationship.  *See* ECF No. 16 at 27–28.  After an investigation, the Commission issued a formal reprimand against Hamilton for mishandling the retainer fee and for failing to provide "any meaningful assistance" or "explain the scope of his representation to Mr. Jones."  ECF No. 1-1 at 2–3; *see also* ECF No. 20 ¶ 12.  Accordingly, Jones now claims he is entitled to remission of the "unreasonable" $5,000 retainer fee.  *See* ECF No. 20 at 7, 14, 18.

The Amended Complaint further avers, with no factual support, that Hamilton was "paid off"; that "somehow he got control of [the] Trust and illegally embezzled funds"; and that he "fraudulently concealed" the same. ECF No. 20 ¶¶ 11–12, 19. The Amended Complaint also baldly asserts that Hamilton acted "in furtherance of a criminal conspiracy" by "not cooperating with the FBI as ordered by the Department of Justice." *Id.* ¶ 20. From this, the Amended Complaint alleges against Hamilton professional negligence (legal malpractice) (Count One); breach of contract (Count Two); breach of fiduciary duty (Count Three); conversion (Count Four); and embezzlement and theft (Count Five). *Id.* at 13–16. Jones separately moves for injunctive relief to remove Hamilton from control of the Trust. ECF No. 25. Hamilton moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 21. The Court turns first to Hamilton's motion.

## II.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A.    Standard of Review

This Court is one of limited jurisdiction, authorized to hear civil cases giving rise to a federal question or brought pursuant to the Court's diversity jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331–1332. A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The Court may grant the motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009).

The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). Where, as here, the defendant contends that jurisdiction is lacking based on the face of the complaint, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Namely, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) (describing inquiry into whether plaintiff's claims meet jurisdictional prerequisite as "akin to the 'well-pleaded complaint' rule").

**B.     Analysis**

The Amended Complaint invokes both federal question and diversity jurisdiction. ECF No. 20 ¶ 7. Diversity jurisdiction has two requirements: (1) that there is complete diversity of citizenship among the parties and (2) that the matter in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Jones and Hamilton are indisputably citizens of different states. *See id.* ¶ 7; ECF No. 21-1 at 2 ("Defendant submits that Plaintiff is a resident of the State of Tennessee and Defendant has offices in the State of Maryland."). Accordingly, the jurisdictional question focuses on whether the amount in controversy has been satisfied.

Hamilton argues that the amount in controversy is insufficient as pleaded because it is confined to the $5,000 retainer fee. ECF No. 21 ¶ 1. To determine whether the amount in controversy exceeds $75,000, the Court should look no further than the face of the complaint. *Shanaghan*, 58 F.3d at 112; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

4

288–89 (1938). If, based on the complaint, "it is a legal certainty that the plaintiff's claims do not reach the required amount," then the Court must dismiss for want of jurisdiction. *Shanaghan*, 58 F.3d at 112. So, unless the plaintiff has pleaded only a small amount, or it is "otherwise obvious" that the amount in controversy falls below the requisite jurisdictional amount, the Court retains jurisdiction. *Id.*

From the face of the Amended Complaint, the jurisdictional amount is satisfied. The Amended Complaint avers as damages not only the $5,000 retainer fee, *see* ECF No. 21 ¶ 1, but also that the damages stemming from Hamilton's supposed theft and embezzlement exceed $75,000, ECF No. 20 ¶¶ 7, 11–12, and that Jones is entitled to millions in damages, *id.* at 18. Although the legal sufficiency of the theft and embezzlement claims appear questionable at best, the Amended Complaint cannot be said to foreclose damages above the $75,000 threshold. Thus, for that reason alone, the Court retains jurisdiction over the action, and Hamilton's motion must be denied.[2]

### III.   Emergency Motion for Injunctive Relief

Turning next to Jones's motion for emergency injunctive relief, he asks that the Court remove Hamilton from all control over the Trust. ECF No. 25 at 1. Emergency injunctive relief remains an extraordinary remedy, to be granted only where the movant demonstrates by preponderant evidence four well-articulated factors. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008); *Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014) (noting that the standards for a temporary restraining order and a preliminary injunction are the same), *aff'd sub nom.*, 681 F. App'x 256 (4th Cir. 2017). First, the

---

[2] Because the Court retains diversity jurisdiction, it need not reach whether it also has federal question jurisdiction. *See Columbia Gas Transmission, LLC v. Mangione Enterprises of Turf Valley, L.P.*, No. ELH-13-115, 2013 WL 12246256, at *3 (D. Md. Apr. 17, 2013) (declining to reach this issue after determining that diversity jurisdiction existed).

movant must show that he is likely to succeed on the merits of the claim; second, that he will likely suffer irreparable harm in the absence of preliminary relief; third, that the balance of equities tips in the movant's favor; and fourth, that issuing the injunction is in the public interest. *Winter*, 555 U.S. at 20.

Turning to the first prong, Jones has not demonstrated a likelihood of success on the merits of the claim. As Hamilton rightly points out, nothing in the Amended Complaint or in any documents appended to it even suggest that Hamilton ever had control of the Trust or embezzled any funds from it. ECF No. 26 ¶ 1. Jones, however, insists that the Commission's reprimand and "the Federal Government's correspondence letters" demonstrate Hamilton's malfeasance regarding the Trust. ECF No. 25 at 5; *see also* ECF No. 27 at 2. But the reprimand solely concerned Hamilton's retention of the retainer fee and client communications; it had nothing to do with Trust funds. *See* ECF No. 1-1 at 2–3. And as for the DOJ-related correspondence, at best, the letters acknowledge receipt of Jones's complaint, *see* ECF No. 16 at 23–25, 29–30, 32, and inform Jones about why the DOJ cannot or will not pursue any investigation on his behalf, *see id.* at 21–22, 31. The documents do not support the contention that Hamilton ever had any control over the Trust or stole from it. Because Jones has failed to show a likelihood of success on the merits, the motion is denied on this basis alone.

### III.    Conclusion

For the foregoing reasons, Hamilton's motion to dismiss the Complaint (ECF No. 21) is DENIED. Jones's "emergency motion for injunctive relief" (ECF No. 25) is also DENIED. A separate order follows.

| | |
|---|---|
| January 2, 2024 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |