IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIO JONES | * | |
|     Plaintiff, | * | |
|     v. | * | Civil Action No. 22-cv-03180-PX |
| SAMUEL CARTENIUS HAMILTON | | |
| | * | |
|     Defendant. | * | |

******

**MEMORANDUM ORDER**

Pending before the Court is Defendant Samuel Hamilton ("Hamilton")'s motion to dismiss or in the alternative for summary judgment, ECF No. 60.  Plaintiff Mario Jones ("Jones") has sued Hamilton, his former lawyer, for legal malpractice, breach of contract, breach of fiduciary duty, conversion, and embezzlement.  ECF No. 20.  The Court previously denied Hamilton's motion to dismiss the Amended Complaint on jurisdictional grounds, ECF No. 28. The current motion was brought after discovery closed and is now fully briefed.  No hearing is necessary.  D. Md. Loc. R. 105.6.  For the following reasons, the motion, construed as one for summary judgment, is GRANTED, and Hamilton's motions for "subpoenas duces tecum" (ECF Nos. 68 & 71) are DENIED.

In 2006, Jones had been named the trustee and administrator of the Thomas F. Wilson Estate (the "Wilson trust").  ECF No. 20 at 5[1]; ECF No. 16 at 2–8.  On August 11, 2006, Wilson assigned 900 shares of common stock in Norvin J. Wilson, Inc. to Jones as trustee.  ECF No. 16

---

[1] According to a separate federal lawsuit that Jones filed in 2020, he and Wilson had been incarcerated together in the early 2000s.  *See* ECF No. 1 (*Jones v. Great Southern Bank, et al.*, 3:20-CV-77-KHG).

at 10–14.  Wilson died on September 15, 2006, and Jones was appointed administrator of Wilson's estate the following month.  *Id.* at 15–18.

Jones next hired Hamilton in August 2015 to pursue race discrimination claims against "officials in Mississippi and Tennessee" in connection with his administration of the Wilson trust.  *Id.* at 2, 21.  On September 21, 2015, Hamilton wrote the United States Department of Justice on Jones' behalf, urging the Department to investigate Jones' allegations.  *Id.*  Hamilton does not appear to have taken any other action in connection with his representation of Jones.

Evidently, the attorney-client relationship soured.  Jones filed a grievance against Hamilton with the Attorney Grievance Commission of Maryland ("Maryland AGC") in August 2019.  ECF No. 1-1; ECF No. 16 at 28.  Hamilton, in turn, wrote Jones on December 19, 2019, memorializing the formal dissolution of their attorney-client relationship.  *Id.*

On September 22, 2020, the Maryland AGC issued a formal reprimand against Hamilton for failing to provide substantive representation for the "four years" in which Hamilton represented Jones, from August 2015 through August 2019.  ECF No. 1-1 at 2.  The reprimand also addressed Hamilton's failure to communicate adequately to Jones the scope of his representation.  *Id.* at 3.  Jones next filed suit in this Court on December 22, 2022.  ECF No. 1. Hamilton now urges the Court to grant summary judgment because all claims are barred by the applicable statute of limitations.  ECF No. 60.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuinely disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008).  "A party opposing a properly supported motion for

summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

As a preliminary matter, the Court addresses Jones' request to subpoena certain documents. ECF Nos. 68 & 71. Jones sought such subpoenas well after the close of formal discovery. *Compare* ECF Nos. 68 & 71 *with* ECF No. 46. Jones also obliquely argues in his response to Hamilton's summary judgment motion that he "needs discovery" to demonstrate that Hamilton still retains control over the Wilson trust. ECF No. 66 at 4. Taken together, the Court construes these requests as a motion to extend the discovery period.

The discovery period per the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is shown "when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014). Hamilton has given the Court no grounds to extend discovery as requested. Thus, the motions are denied.

Turning to Hamilton's motion, he principally contends that judgment in his favor is proper because the claims are time-barred. ECF No. 60-1 at 3–4. Limitations is an affirmative defense to be pled and proven by the movant with preponderant evidence. *Kline v. Hyundai Motor Am. Inc.*, 751 F. Supp. 3d 542, 564 (D. Md. 2024). Under Maryland law, Jones' common law claims must be filed within three years from the date the cause of action accrues. Md. Cts. and Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues…"). An action accrues "on the date when the plaintiff knew or, with due diligence,

reasonably should have known of the wrong." *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A.*, 152 Md. App. 698, 712-13 (2003). *See also Moreland v. Aetna U.S. Healthcare, Inc.*, 152 Md. App. 288, 293–295 (2003).

Viewing the evidence most favorably to Jones, the claims stem from Hamilton's alleged professional malpractice during his representation of Jones. This period, at best, was from August 2015 through August 2019. ECF No. 16 at 1; ECF No. 1-1 (noting the "four years" in which Hamilton represented Jones.). Thus, to pursue any claims arising from Hamilton's misconduct, Jones must have filed suit not later than August 2022. Jones waited until December 2022. And Jones has not marshalled any evidence to demonstrate that Hamilton's alleged wrongdoing extended into the limitations period. [2] Thus, the claims are time-barred.

Jones, for his part, offers no argument or evidence to the contrary. ECF No. 66. And in failing to respond at all, Jones has effectively conceded Hamilton's limitations defense. *See Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (failure to argue against summary judgment constitutes abandonment of the claim). *See also McRae v. Westcor Land Title Ins*, Civil Action No. RWT-16-2332, 2017 WL 1239682, *3 (D. Md. Mar. 17, 2017) (plaintiff conceded limitations defense by failing to address it).

Accordingly, for the reasons discussed above, it is this 28th day of May 2025, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant Samuel Hamilton's Motion to Dismiss or in the Alternative for Summary Judgment, construed as one for summary judgment, (ECF No. 60) is GRANTED;

---

[2] To the extent Jones has averred Hamilton's purported embezzlement of the Wilson trust continued after the formal attorney-client relationship ended, *see* ECF Nos. 28 & 56, Jones has adduced no evidence to support the embezzlement claim. Thus, even if timely filed, the Court would alternatively grant judgment in Hamilton's favor on the merits of the allegation.

2.      Judgment is entered in Hamilton's favor on all claims;

3.      Plaintiff Mario Jones' motions for subpoenas duces tecum (ECF Nos. 68 & 71)

        are DENIED; and

4.      The Clerk SHALL **MAIL** this Order to the parties and CLOSE this case.


 May 28, 2025                                                /S/
Date                                          Paula Xinis
                                              United States District Judge

5